**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| **Plaintiff,** | : | |
| v. | : | **CIVIL ACTION NO. 26-CV-2999** |
| Approximately 550 Tires Seized at the Port of Baltimore, | : | |
| **Defendants *In Rem*.** | : | |

...oOo...

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

COMES NOW the United States of America, Plaintiff in this action, by and through undersigned counsel, pursuant to 19 U.S.C. § 1595a, to bring this verified complaint for forfeiture *in rem* against 260 tires valued at $50,960.00 and 290 tires valued at $51,910.00 seized at the Port of Baltimore on August 18, 2021.  The United States alleges the following in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

**NATURE OF THE ACTION**

1.     This is a civil action *in rem* against seized properties – tires – that were involved in importing noncompliant motor vehicle equipment in violation of 49 U.S.C. § 30112, and in importing articles or merchandise contrary to law or regulation in violation of 19 U.S.C. § 1595a, and therefore are subject to civil forfeiture pursuant to 19 U.S.C. § 1595a(c)(2)(A).

**THE DEFENDANTS *IN REM***

2.    The Defendant Property consists of 260 tires valued at $50,960.00 (Asset ID No. 21-CBP-000998) and 290 tires valued at $51,910.00 (Asset ID No. 21-CBP-000999) (collectively, the "Defendant Property").

3.    The Defendant Property was seized at the Port of Baltimore on August 18, 2021, because the Defendant Property violates federal regulation 49 CFR § 574.5(b) in that the subject tires have false tire manufacturing plant codes printed on their sidewalls.  Due to violation of this regulation, the Defendant Property violates 49 U.S.C. § 30112(a)(1) which makes it unlawful to import into the United States any motor vehicle equipment that violates Federal Motor Vehicle Safety Standards, and therefore the Defendant Property further violates 19 U.S.C. § 1595a which prohibits the introduction of any articles or merchandise into the United States that are not in compliance with the applicable rules, regulations, or statutes and provides for the forfeiture of such articles or merchandise.

4.    The United States brings this action *in rem* to forfeit all right, title, and interest in the Defendant Property.

5.    The forfeiture is based upon, but not limited to, the evidence outlined in the attached Declaration of Import Specialist Kellie Joe, attached hereto as Exhibit A, and incorporated herein by reference.

**JURISDICTION AND VENUE**

6.    This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, over an action for forfeiture under 28 U.S.C. § 1355(a), and over this particular action under 19 U.S.C. § 1595a.

7.      This Court has *in rem* jurisdiction over the Defendant Property under 28 U.S.C. § 1355(b).  Upon the filing of this complaint, the Plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the Plaintiff will execute upon the Defendant Property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

8.      Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1) because acts and omissions giving rise to the forfeiture took place in the District of Maryland, and pursuant to 28 U.S.C. § 1395 because the Defendant Property is located in this district.

## LEGAL BASIS FOR FORFEITURE

9.      Federal regulation, 49 CFR § 574.5, Tire Identification Requirements, provides in relevant part:

> (a) Tire identification number (TIN) labeling requirement -
> (1) New tires. Each new tire manufacturer must conspicuously label on one sidewall of each tire it manufactures, except non-pneumatic tires or non-pneumatic tire assemblies, by permanently molding into or onto the sidewall, in the manner and location specified in Figure 1, a TIN consisting of 13 symbols and containing the information set forth in paragraphs (b)(1) through (b)(3) of this section. NOTE: The Federal Motor Vehicle Safety Standards may have more specific TIN marking requirements for some tires. *See* 49 CFR Part 571.
> [ . . . ]
>
> (b) TIN content requirements -
> (1) Plant code. The plant code, consisting of three symbols, must be the first group of the TIN. The plant code represents the identity of the new tire manufacturer or retreader. The plant code is assigned to the manufacturer or retreader by NHTSA upon request. *See* 49 CFR § 574.6.

10.      Title 49, United States Code, Section § 30112(a)(1) requires new motor vehicle equipment, *e.g.*, tires, entering the United States to comply with the Federal Motor Vehicle Safety Standards which encompass federal regulation 49 CFR § 574.5.

11.     Title 19, United States Code, Section § 1595a prohibits the importation of any articles or merchandise into the United States contrary to law and provides for its forfeiture.

12.     The Defendant Property is subject to forfeiture to the United States pursuant to 19 U.S.C. § 1595a(c)(2)(A) as articles or merchandise introduced or imported into the United States contrary to law.  Specifically, the Defendant Property was introduced or imported into the United States contrary to 49 CFR § 574.5, 49 U.S.C. § 30112(a)(1), and 19 U.S.C. § 1595a.

**WHEREFORE**, the Plaintiff, the United States of America, respectfully requests that:

(i)     process of forfeiture be issued against the Defendant Property;

(ii)    due notice be given to all interested parties to appear and show cause why the forfeiture should not be decreed;

(iii)   judgment be entered declaring the Defendant *in rem* be forfeited to the United States for disposition according to law; and

(iv)    the United States be granted such other relief as this Court may deem just and proper.

Respectfully submitted,

Kelly O. Hayes
United States Attorney

John J. Truex Chung

Digitally signed by
JOHN TRUEX CHUNG
Date: 2026.07.31
12:38:59 -04'00'

John J. Truex Chung
Assistant United States Attorney
District of Maryland
36 South Charles Street, 4th Floor
Baltimore, Maryland 21201
(410) 209-4987

4

## **VERIFICATION**

I, Kellie Joe, an Import Specialist with Customs and Border Protection, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing Verified Complaint for Forfeiture is based on reports and information known to me and/or furnished to me by other law enforcement agents and that everything represented herein is true and correct.

Date: 7/16/26

Kellie Joe
Import Specialist
Customs and Border Protection

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Complaint was filed via CM/ECF and served electronically on all parties by that system.  I also caused a copy to be sent to the following potential claimant by email and certified mail:

Elon Pollack, Esq., c/o GB Tire Inc.
Stein Shostak Shostak Pollack & O'Hara, LLP
445 South Figuero Street
Suite 2388
Los Angeles, CA 90071
elon@steinshostak.com

Digitally signed by
JOHN TRUEX CHUNG
Date: 2026.07.31
13:29:10 -04'00'

_____
John J. Truex Chung
Assistant United States Attorney