**EXHIBIT A**

**DECLARATION IN SUPPORT OF VERIFIED COMPLAINT FOR FORFEITURE**
***IN REM***

I, Kellie Joe, declare as follows:

1.      I am an Import Specialist for U.S. Customs and Border Protection ("CBP") in Atlanta, Georgia.  I have been in this position since 2002.  As part of my duties, I am responsible for enforcing statutory, regulatory, and treaty requirements of CBP and other federal and state agencies by determining admissibility of merchandise and other import-related decisions on a national scope and on an account basis.  In this position, I have worked on numerous commodity teams within the Automotive and Aerospace Center of Excellence and Expertise in Validation & Compliance and Enforcement/Trade Operations.

2.      Prior to my employment as an Import Specialist, I worked as a CBP Officer ("CBPO") at the Port of San Luis, Arizona and at the Port of Atlanta, Georgia, from 1992 through 2002.

3.      I have personal knowledge of the matters stated in this declaration.

4.      This declaration is submitted in support of a complaint for forfeiture *in rem* of 260 tires valued at $50,960.00 and 290 tires valued at $51,910.00 (the "Defendant Property") seized at the Port of Baltimore, Maryland on August 18, 2021, pursuant to 19 U.S.C. § 1595a(c)(2)(A). The seizure of the Defendant Property is described in more specific detail below.

5.      The shipments containing the Defendant Property were targeted by an established User Defined Rule (UDR).  UDRs exist to help identify high-risk shipments and are triggered when certain previously defined conditions are met.  When triggered, UDRs generate an alert for document review and prompt the importer to upload shipment paperwork into CBP's Automated Targeting System (ATS). Here, the shipments containing the Defendant Property met the

1

following conditions for UDR No. 5035725: (1) IRS Number: 86-292811900; (2) Harmonized Tariff Heading 4011.20.50.10 ("New pneumatic tires, of rubber: of a kind used on buses or trucks: Other: Light truck"); and (2) the port code 1303 (Baltimore). On July 2, 2021, additional documentation was requested from the importer in the form of a Request for Information (CBP Form 28). Documentation received in response to the Request for Information was found to be insufficient, as it failed to substantiate that GB Tire, Inc. had the right to make entry according to 19 U.S.C. § 1484(a)(2)(B) (no entry until a valid importer of record is provided.). On July 29, 2021, a Notice of Action (CBP Form 29) was issued to the importer explaining that the shipments would not be released until valid documentation was submitted.

6. On August 9, 2021, the Defendant Property, manifested as "Tyres [sic] no wood packing material used", arrived at the Belts Centralized Examination Station for a CBP inspection and were detained for possible counterfeit stamping and a preliminary search of the delivery address did not yield results for a legitimate tire business.

7. On August 12, 2021, the U.S. Department of Transportation (DOT), National Highway Traffic Safety Administration (NHTSA) was contacted and asked whether importation of the Defendant Property violated statutes and regulations administered by NHTSA. On August 13, 2021, NHTSA responded that the Defendant Property were not manufactured to meet Federal Motor Vehicle Safety Standards (FMVSS) because they violate 49 C.F.R. § 574.5(b), which set requirements for tire identification.

8. Pursuant to 49 C.F.R. § 574.5(b), newly manufactured tires are required to have a 13-symbol Tire Identification Number ("TIN") printed on their sidewall. The TIN reveals information to include the factory of manufacture, tire size, tire type, and date of manufacture. Here, the Defendant Property was stamped with a tire manufacturing plant code of 04D, which

2

corresponds to Autowheels Fashion SDN BHD, a Malaysian tire manufacturing plant. The Defendant Property also bore the mark of Roadtrack, a brand of tire. However, Autowheels Fashion SDN BHD has certified that they only manufacture two brands of tire, Lares and Pathfinder, and do not manufacture Roadtrack tires.

9. Because the Defendant Property does not have an accurate tire manufacturing plant code, the Defendant Property violates 49 C.F.R. § 574.5(b). Therefore, the Defendant Property violates 49 U.S.C. § 30112(a)(1) and fails to comply with FMVSS.

10. The Defendant Property was seized and is subject to forfeiture under the provisions of 49 U.S.C. § 30112(a)(1) and 19 U.S.C. § 1595a(c)(2)(A). Title 19 United States Code Section 1595a prohibits the introduction of any article into the United States contrary to law and provides for its forfeiture.

11. On August 18, 2021, CBP seized the Defendant Property.

12. Based on the forgoing, I submit that there is cause to believe that the Defendant Property are involved in the importing of noncomplying motor vehicles and equipment and aiding unlawful importation, in violation of 49 U.S.C. § 30112(a)(1), and also involved in smuggling, importing or exporting goods contrary to law or regulation, in violation of 19 U.S.C. § 1595a(c)(2)(A), and therefore are subject to civil forfeiture pursuant to 19 U.S.C. § 1595a(c)(2)(A).

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, information and belief. Executed the 1 day of June, 2026.

Kellie Joe
Import Specialist
U.S. Customs and Border Protection

3